# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN J. BANK,<br><br>           Plaintiff,<br><br>v.<br><br>LAS VEGAS JUSTICE COURT, SMALL<br>CLAIMS DIVISION, *et al.,*<br><br>           Defendant. | 2:13-cv-00846-LDG-VCF<br><br>**O R D E R AND REPORT &<br>RECOMMENDATION**<br><br>(Motion/Application to Proceed *In Forma<br>Pauperis* (#1) and Complaint (#1-1)). |

Before the court is plaintiff Steven J. Bank's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

## I.    Motion/Application

Plaintiff Bank asserts in his motion/application that he is unemployed, and that the last time he worked was in March of 2013. (#1). Plaintiff also asserts that he has not received income from any other source in the past twelve months, and that he does not own any real estate, stocks, bonds, notes, trusts, automobiles, or other valuable property. *Id.* Accordingly, plaintiff's motion/application to proceed *in forma pauperis* (#1) is granted pursuant to § 1915(a).

## II.    Screening Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

(internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.     **Plaintiff's Complaint**

Plaintiff alleges in his complaint that his civil rights were violated on April 15, 2013, May 2, 2013, and November 1, 2013– May 8, 2013.  (#1-1).  Plaintiff names Joseph R. Maridon, a referee in small claims division of Justice Court, Las Vegas Township, Karen Bennett-Haron, Chief Justice of the Peace, Justice Court, Las Vegas Township, and DOES 1-25, the Justice Court Clerks. *Id.*  Plaintiff's first claim alleges that defendant Maridon proceeded to allow adjudication on an unserved complaint, "divesting BANK of his right to equal protection of the laws." *Id.*  Plaintiff also asserts that in the small claims court, defendant Maridon granted the defendant's motion to dismiss despite the fact that the motion "acted as a *demurrer*, an exception to the rules of process..." and the "original COMPLAINT was never, in fact, served upon [d]efendants..." *Id.*  Plaintiff alleges that defendant Maridon denied him equal protection by allowing defendants to avoid service of process. *Id.*

Plaintiff alleges in his second claim that defendant Bennett-Haron vacated a referee motion to set aside dismissal and converted it to a Justice motion to set aside dismissal without a rational basis for doing so.  *Id.*  Plaintiff also alleges that defendant Bennett-Haron "has vacated a legitimate proceedings before a referee," and that "said hearing [was] designed to give [p]laintiff an opportunity to explain why the dismissal should be set aside prior to final dispositive hearing on the issue before

2

the Justice herself." *Id.* Plaintiff claims that the "clerks, designated as DOES 1-25, are complicitous (sic) of this act." *Id.* Plaintiff alleges in the third claim titled "Other Actions," that plaintiff attempted to schedule an *in camera* conference with Judge Walsh regarding the above alleged civil rights violations, and that no such conference was scheduled. *Id.* Plaintiff does not name Judge Walsh as a defendant in this action. *Id.* Plaintiff alleges that the Justice Court Clerks "failed to provide information when requested to do so regarding the above court reschedules on a number of occasions," and that these "clerical omissions/actions are malicious in nature, designed to delay proceedings and take advantage of persons with inexperience." *Id.* Plaintiff does not allege that the Justice Court Clerks violated his civil rights and does not assert a claim for relief against them. *Id.*

Plaintiff asks this court to enter judgment providing plaintiff "an opportunity to plead before a referee on the merits of the COMPLAINT in case no. 13A000562, thus allowing him, upon prevailing, to 1) amend the complaint to exclude any errors, and 2) to *serve* complaint according to process." *Id.*

### 1. Defendants Maridon and Bennett-Haron

Rule 12(b)(1) allows the court to dismiss a suit for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Courts have noted that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n. 2 (3d Cir.1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). "A suit against a state official in his official capacity is treated as a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)." *Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 854 (E.D. Pa. 2011) motion for relief from judgment denied, CIV.A. 10-1080, 2012 WL 93178 (E.D. Pa. Jan. 11, 2012).

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without

> fear of consequences." (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868), quoted in *Bradley v. Fisher*, supra, 349, note, at 350.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217-18, 18 L. Ed. 2d 288 (1967).

Judicial Immunity applies in actions alleging claims under § 1983, and the Supreme Court has held with regard to § 1983 claims brought against judicial officers that "[t]he immunity of judges for acts within the judicial role is equally well established, and we presume that Congress would have specifically so provided had it wished to abolish the doctrine." *Id* at 554-55.

Both defendant Maridon and Bennett-Haron are sued in their official capacity as judicial officers of the Justice Court, Las Vegas Township. (#1-1). Plaintiff brought his complaint under § 1983, and alleges violations of his civil rights relating to the decisions of the Justice Court judicial officers. *Id.* Defendant Maridon and defendant Bennett-Haron are immune from such civil liability for the acts "committed within their judicial jurisdiction," and the court should dismiss the claims against them for lack of jurisdiction. *Pierson*, 386 U.S. at 553-55 (citing *Bradley*, 13 Wall. 335, 20 L.Ed. 646); *Pennhurst State Sch. & Hosp.*, 465 U.S. at 98–100; Fed.R.Civ.P. 12(b)(1). As amendment would be futile, the court should dismiss the complaint (#1-1) *with prejudice. See Cato*, 70 F.3d at 1106.

### 2. DOES 1-25

Plaintiff presents factual allegations relating to actions by Justice Court Clerks, but does not assert any of the claims for relief against them or assert that they violated his civil rights in any way. (#1-1). Plaintiff simply contends that the clerks failed to provide information when requested and made clerical mistakes. *Id.* Defendants DOES 1-25 should be dismissed, as the complaint (#1-1) does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" against the Justice Court Clerks. *Ashcroft*, 129 S.Ct. at 1949.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Steven J. Bank's Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

## **RECOMMENDATION**

IT IS RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that all of plaintiff's claims be DISMISSED *with prejudice.*

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of September, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

5